IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH RICHARD HUGHES, et al.

    Plaintiffs,

v.

DANE COUNTY SHERIFFS, et al.

    Defendants.

OPINION & ORDER

Case No. 15-cv-464-wmc

MICHELLE MARIE HUGHES, et al.

    Plaintiffs,

v.

HEIDI GERTH, et al.

    Defendants.

OPINION & ORDER

Case No. 15-cv-465-wmc

Plaintiffs Kenneth and Michelle Hughes have filed two proposed civil complaints. Both are plaintiffs in each case, and they appear to be married. Both of the complaints also include a common thread of allegations involving a domestic incident that arose on October 8, 2014. As Fed. R. Civ. P. 42(a) provides that if separate actions involve "a common question of law or fact," the court may consolidate the actions, these two matters will now be consolidated. This case will proceed under Case No. 3:15-cv-465-wmc, and the court will construe the complaint filed in Case No. 15-cv-465-wmc as the operative pleading.

Because the Hugheses are proceeding without prepayment of the filing fee, the court is required to screen the complaint under 28 U.S.C. § 1915 to determine whether

1

they may proceed with the case. As *pro se* litigants, they are held to a "less stringent standard" in crafting pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under a relaxed pleading standard, however, the Hugheses may not proceed with this lawsuit without amending the complaint as directed below.

ALLEGATIONS OF FACT[1]

The complaint names eighteen defendants and includes several claims for relief, including malicious prosecution, police misconduct, identity theft, violation of HIPPA, false arrest, foster care license fraud, as well as violation of their rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. These claims appear to have arisen from two sets of facts.

*First*, plaintiffs allege that since February 21, 2013, they have been foster parents for their niece, "L," but that from the summer of 2013 through early 2015, the Dane County and Jefferson County Departments of Human Services repeatedly harassed their family and attempted to remove L from their home, committing various "criminal and illegal acts" during that time. Ultimately, on January 9, 2015, defendants Heidi Gerth, Jennifer Witt and Brandon Polich allegedly came to their home, took L away and placed her in the custody of Jefferson County Human Services. Plaintiffs provide no meaningful information about the defendants' possible motivation, instead vaguely claiming that the defendants used personal information and a false police report against them. Plaintiffs also devote several pages of the complaint describing their family and the efforts they have made to provide a home for their niece.

---
[1] For purposes of this order, the court accepts all well-pled allegations as true.

*Second*, plaintiffs allege that on October 8, 2014, Michelle called the non-emergency number at the Dane County Sheriff's Office. The details surrounding that phone call are also unclear, but apparently it resulted in Kenneth being arrested that same day.[2] He was charged with three counts of domestic disorderly conduct, then released. During this time, the police also allegedly pressured Michelle to file a request for a temporary restraining order against Kenneth, but she resisted. Additionally, although unclear, it appears that Kenneth was prohibited from contacting his family for a certain period of time. On January 5, 2015, the charges against Kenneth were dismissed. The upshot is that plaintiffs claim Kenneth was the victim of police misconduct, excessive force and false imprisonment.

OPINION

Plaintiffs' complaint has two problems: (1) the claims related to L's custody are barred from review in this court; and (2) the claims related to Kenneth's arrest violate Rule 8 of the Federal Rules of Civil Procedure.

As for the allegations related to their niece's custody placement, the *Rooker-Feldman* doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. *See Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005). A litigant may not avoid the *Rooker-Feldman* doctrine simply by casting his complaint in the form of a civil rights action, as

---

[2] As with the taking of L on January 19, the complaint includes no specific allegations about the events that took place on or around October 8, 2014, that led up to his arrest. Instead, it includes a multiple-page description about the significant adverse impact the arrest had on plaintiffs' family.

3

plantiffs appear to be attempting to do here. *See Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993). Rather, litigants who feel that a state court proceeding has violated their federal constitutional rights must challenge that decision by appeal through the state court system, and if appropriate, to the United States Supreme Court. *See Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1990). Although decidedly vague, it is clear that the actions being challenged by plaintiffs all arose by state administrative and judicial actions culminating in a custody battle. Plaintiffs' allegations related to their niece's custody will, therefore, remain in state court. *See Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that *Rooker-Feldman* barred review of claims related to a state court divorce and child custody proceedings).[3]

As for the allegations related to Kenneth's 2014 arrest, they are too disjointed, vague and confusing to state a claim for relief. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At minimum, this requires that the complaint "describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Courts are empowered to dismiss an excessively wordy or confusing complaint that "makes it difficult for the defendant to file a responsive pleading and makes it difficult for

---

[3] One final matter with respect to the custody challenge. In Case No. 15-cv-465-wmc, plaintiffs filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (dkt. #6), claiming that their niece has been illegally placed out of their custody. However, relief under § 2241 is limited to petitioners that are held in federal custody. As such, relief under this statute is unavailable and that petition must be denied.

the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Servs.*, Inc., 20 F.3d 771, 775-76 (7th Cir. 1994).

Here, little is plain, other than Kenneth was arrested, charged, and taken into custody, and that the charges against him were dismissed on January 5, 2015. Therefore, while the defendants *may* have violated plaintiffs' constitutional rights by their involvement in Kenneth's arrest and criminal charges, the complaint lacks *any* specific information about the arrest and charges. Even worse, the allegations plaintiffs do include that relate to Kenneth's arrest are intermixed with plaintiffs' allegations about the custody of their niece. As a result, it would not only be extremely difficult for any of the defendants to respond to plaintiffs' allegations about Kenneth's arrest, but equally difficult for the court to discern what part of plaintiffs' claim, if any, is not barred by the *Rooker-Feldman* doctrine.

Accordingly, plaintiffs may not proceed with this case unless they file an amended complaint that can be read and understood. This will require plaintiffs to clarify what specific conduct each individual defendant engaged in that violated plaintiffs' constitutional rights, including some context in which to understand those actions. If they choose to file an amended complaint, plaintiffs should draft it as if they are telling a story to someone who knows nothing about their situation, including an explanation as to: (1) what happened to make them believe they has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist them in relation to those events. Plaintiffs cannot proceed with their case unless their complaint also omits claims related to their niece's custody. After finishing the draft of any amended complaint, they

should review it and consider whether it could be understood by someone who is not familiar with the underlying facts of the case. If not, they should make the necessary changes.

If plaintiffs do not provide an amended complaint that fixes the problems identified in this opinion by the date set forth below, the court will dismiss the complaint and close this case. *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.").

ORDER

IT IS ORDERED that:

1. Case No. 15-cv-464-wmc and Case No. 15cv--465-wmc shall be consolidated, and this case shall proceed as Case No. 15-cv-465-wmc. The clerk of court is directed to close Case No. 15-cv-464-wmc.

2. Plaintiffs' Petition for Writ of Habeas Corpus (Case No. 3:15-cv-465-wmc, dkt. #6) is DENIED.

3. Plaintiffs' claims related to their niece's custody are dismissed with prejudice.

4. Plaintiffs may have until **June 30, 2017**, to file an amended complaint that complies with Federal Rule of Civil Procedure 8 as described in this order. **If plaintiffs**

**fail to respond by that date, the clerk of court is directed to close Case No. 15-cv-465-wmc.**

Entered this 30th day of May, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge